# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DEBRA LYNNE DUNNELLS,**

    **Plaintiff,**

v.                                                                                                    Case No:5:12-CV-484-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY[1]**

    **Defendant.**

## REPORT AND RECOMMENDATION[2]

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus (Doc. 14), filed January 10, 2013. Plaintiff filed a response in opposition (Doc.15) and the Court heard oral argument on April 16, 2013. For the reasons discussed below, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 14) be **DENIED**.

### I.    BACKGROUND

On February 2, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits (the "2007 application"). (Doc. 14-1, p. 2). On January 26, 2011, Plaintiff filed a second application for a period of disability and disability insurance benefits (Doc. 14-1 p. 19) as well as an application for Supplemental Security Income (Doc. 14-1, pp. 19-20) (collectively the "2011 application").

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
[2] **Error! Main Document Only.**Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

On April 14, 2009, an Administrative Law Judge ("ALJ") issued an unfavorable decision as to Plaintiff's 2007 application. (Doc. 14-1, pp. 8-13). On May 17, 2011, the Appeals Council granted Plaintiff's request for review and remanded the matter to an ALJ directing that the claim files for the 2007 application and the 2011 application be associated and that a new decision on the associated claims be issued. (Doc. 14-1, pp. 15-17). Two days later – on May 19, 2011—the Commissioner made a decision on Plaintiff's 2011 application finding that Plaintiff was disabled as of November 9, 2010. (Doc. 14-1, p. 3).

On March 14, 2012, the Commissioner issued a Notice of Hearing advising Plaintiff that an administrative hearing would take place on June 6, 2012. (Doc. 15-1). The Notice of Hearing specifically advised that:

> The hearing concerns your application of February 14, 2007, for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act (the Act.)

The Notice of Hearing did not mention Plaintiff's 2011 application.

The ALJ nonetheless reconsidered the Commissioner's decision on the 2011 application and on July 30, 2012, issued an unfavorable decision finding that Plaintiff was not disabled from January 12, 2007 through the date of the ALJ's decision. (Doc. 14-1, pp. 25, 46).

Rather than seeking full administrative review of the ALJ's decision, on August 31, 2012, Plaintiff filed this action. (Doc. 1). [3] The Commissioner then filed the instant motion to dismiss arguing that the Court lacks subject matter jurisdiction to consider the allegations in Plaintiff's Complaint.

## II.    STANDARD OF REVIEW

Attacks on subject matter jurisdiction based on Rule 12(b)(1) of the Federal Rules of

---

[3] Plaintiff subsequently filed a request for review with the Appeals Council on December 13, 2012. (Doc. 15, p. 3 n.3; Doc. 15-2).

Civil Procedure may be in the form of either a facial attack or a factual attack. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). When considering a facial attack, the court assumes that the allegations in the complaint are true and determines whether the plaintiff has alleged a basis of subject matter jurisdiction. *Id.* at 1529. In contrast, factual attacks challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. Here, the Commissioner argues the Court is without authority to consider Plaintiff's complaint. This is a factual attack to the Court's subject matter jurisdiction, and thus, materials outside the pleadings, including the Declaration of Patrick J. Herbst and portions of the administrative record (Docs. 14-1, 15-1, 15-2, 15-3), may be considered. *Id.*

### III. DISCUSSION

The Commissioner argues that pursuant to 42 U.S.C. §405(g) of the Social Security Act, Plaintiff must exhaust her administrative remedies prior to bringing an action in federal court. On its face, Section 405(g) bars judicial review of any denial of a claim of disability benefits until after a "final decision" by the Commissioner after a "hearing." *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)

In *Mathews v. Eldridge*, the Supreme Court held that the "final decision of the [Commissioner] made after a hearing" consists of two elements: -- (1) the jurisdictional, non-waivable requirement that a claim for benefits has been presented to the Commissioner; and (2) the waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted. *Mathews*, 424 U.S. 328-30.

Here, there is no dispute that Plaintiff presented her claims to the Commissioner, thus fulfilling the non-waivable requirement. There is also no question that Plaintiff has neither exhausted her administrative remedies nor obtained a waiver of the exhaustion requirement.

Thus, the Court must determine whether the exhaustion requirement should be waived. In *Mathews v. Eldridge*, the Supreme Court held that a reviewing court may find a waiver of the exhaustion requirement if a constitutional claim is wholly collateral to the substantive claim of entitlement, and there is a showing of irreparable injury not recompensable through retroactive payments. *Mathews*, 424 U.S. at 330-31 & n. 11; *see also Rice v. Apfel*, No. 99-31-CIV-FTM-18D, 1999 WL 33597094, at *3 (M.D. Fla. Oct. 14, 1999)(*citing Darby v. Schweiker*, 555 F.Supp. 285, 288 (E.D. Pa. 1983)).

Plaintiff argues that the ALJ's decision to reconsider her 2011 application and overturn the Commissioner's prior determination that Plaintiff was disabled without notice violated her procedural due process rights. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Rice,* 1999 WL 33597094, at *3 (*quoting Mathews*, 424 U.S. at 332). An individual has a statutorily created "property" interest in the continued receipt of social security benefits which is a protected by the Fifth Amendment. *Id.*

As discussed above, the Notice of Hearing stated that the "hearing concerns your application of February 14, 2007." There was no mention in the Notice of Hearing that the ALJ also would consider Plaintiff's 2011 application. At the hearing, Plaintiff objected to the ALJ considering the 2011 application. Nonetheless, in his July 30, 2012 decision, the ALJ considered the 2011 application and overturned the Commissioner's prior determination that Plaintiff was disabled as of November 9, 2010. The Commissioner's own regulations clearly state that the notice of hearing "will contain a statement of the specific issues to be decided" and must be mailed or served at least 20 days before the hearing. 20 C.F.R. §404.938. "The purpose of the

notice of hearing is to allow the plaintiff to adequately prepare to litigate the issues at the hearing." *Rice*, 1999 WL 33597094, at *3 (citing *Benko v. Schweiker,* 551 F.Supp. 698, 703 (D.N.H. 1982). Plaintiff contends that if a proper Notice of Hearing had been given, she would have been able to properly prepare for the hearing or reconsider whether she wanted to proceed with the hearing.

The Commissioner contends that Plaintiff, nevertheless, received proper notice because the Remand Order from the Appeals Council directed the ALJ to consolidate Plaintiff's claims from the 2007 and 2011 applications. However, approximately fourteen months after the Appeals Council issued its Remand Order, the ALJ sent the Notice of Hearing confirming that he was only considering the 2007 application. Under these circumstances, it was reasonable for Plaintiff to rely on the Notice of Hearing.

Based on the finding that a constitutional violation exists, the undersigned must now determine whether the constitutional claim is collateral to the substantive claim of entitlement and whether Plaintiff suffered irreparable injury not recompensable through retroactive payments.

The Court has no trouble concluding that Plaintiff's procedural due process claim is collateral. Whether Plaintiff received a proper Notice of Hearing is collateral to the issue of whether or not she should receive benefits. *Rice*, 1999 WL 33597094, at *4. Likewise, as a result of the constitutional violation, Plaintiff has suffered irreparable harm because she must reimburse any overpayment of previously paid Social Security disability benefits and, with the termination of Social Security disability benefits, Plaintiff will become ineligible for Medicare.[4]

---

[4] At the hearing, Plaintiff's counsel stated that although Plaintiff's benefits should have cut off based on the ALJ's decision, she is still receiving benefits. Counsel explained that once the error is corrected, Plaintiff will be presented with a bill for overpayment of benefits. Likewise, she

The loss of medical care is an irreparable injury for which no amount of benefits may retroactively correct. *Id.* at 5.

## IV.    CONCLUSION

Because Plaintiff's constitutional claim is wholly collateral to the substantive claim of entitlement, and there is a showing of irreparable injury not recompensable through retroactive payments, the undersigned finds that Section 405(g) confers jurisdiction despite Plaintiff's failure to exhaust her administrative remedies.[5]  Accordingly, it is respectfully **RECOMMENDED** that the Commissioner's Motion to Dismiss (Doc. 14) should be **DENIED**.

Recommended in Ocala, Florida on April 22, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

will also become ineligible for Medicare benefits, which essentially provides insurance for medical care.

[5] Based on the undersigned's conclusion that jurisdiction is proper under §405(g), the Court need not consider Plaintiff's alternative argument that the Court has mandamus jurisdiction under 28 U.S.C. §1361.