UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEBRA LYNNE DUNNELLS,**

 Plaintiff,

v.                     Case No: 5:12-cv-484-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

 Defendant.

## ORDER

This matter is before the Court on the Commissioner's Opposed Motion for Entry of Judgment with Remand. (Doc. 21).

**I. BACKGROUND**

*A.  Administrative Background*

On February 2, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits (the "2007 application"). (Doc. 14-1, p. 2). On January 26, 2011, Plaintiff filed a second application for a period of disability and disability insurance benefits (Doc. 14-1 p. 19), as well as an application for Supplemental Security Income (Doc. 14-1, pp. 19-20) (collectively the "2011 application").

On April 14, 2009, an Administrative Law Judge ("ALJ") issued an unfavorable decision as to Plaintiff's 2007 application. (Doc. 14-1, pp. 8-13). On May 17, 2011, the Appeals Council granted Plaintiff's request for review and remanded the matter to an ALJ directing that the claim files for the 2007 application and the 2011 application be associated and that a new decision on the associated claims be issued. (Doc. 14-1, pp. 15-17). Two days later – on May 19, 2011 – the

Commissioner made a decision on Plaintiff's 2011 application, finding that Plaintiff was disabled as of November 9, 2010. (Doc. 14-1, p. 19).

On March 14, 2012, the Commissioner issued a Notice of Hearing advising Plaintiff that an administrative hearing would take place on June 6, 2012. (Doc. 15-1). The Notice of Hearing specifically advised that: "The hearing concerns your application of February 14, 2007, for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act (the Act)." The Notice of Hearing did not mention Plaintiff's 2011 application. At the hearing, Plaintiff objected to the ALJ considering the 2011 application. The ALJ nonetheless reconsidered the Commissioner's decision on the 2011 application and on July 30, 2012, issued an unfavorable decision, finding that Plaintiff was not disabled from January 12, 2007 through the date of the ALJ's decision. (Doc. 14-1, pp. 25, 46).

### B. *The Instant Action*

On August 31, 2012, without first seeking full administrative review of the ALJ's decision, Plaintiff filed this action. (Doc. 1). Plaintiff argued that the ALJ's decision to reconsider her 2011 application and overturn the Commissioner's prior determination that Plaintiff was disabled without notice violated her procedural due process rights. Plaintiff contends that if a proper Notice of Hearing had been given, she would have been able to properly prepare for the hearing or reconsider whether she wanted a hearing. On December 13, 2012, Plaintiff filed a request for review with the Appeals Council of the ALJ's unfavorable decision. (Doc. 15, p. 3 n.3; Doc. 15-2).

In response to Plaintiff's Complaint here, the Commissioner filed a motion to dismiss arguing that this Court lacks subject matter jurisdiction to consider the allegations in Plaintiff's Complaint because Plaintiff failed to exhaust her administrative remedies. On April 22, 2013,

- 3 -

the undersigned issued a report recommending that the Commissioner's motion to dismiss be denied. (Doc. 20). The undersigned concluded that Section 405(g) confers jurisdiction despite Plaintiff's failure to exhaust her administrative remedies because she alleged a constitutional claim wholly collateral to the substantive claim of entitlement to benefits (i.e., procedural due process), and there is a showing of irreparable injury not recompensable through retroactive payments (i.e., obligation to reimburse overpayment of previously paid disability benefits and ineligibility for Medicare). (Doc. 20). On May 8, 2013, the District Judge adopted the Report and Recommendation. (Doc. 22).

In the meantime, the Commissioner filed an opposed motion to remand this matter to the Commissioner "to allow the Appeals council to take further action needed to develop the case and to allow claimant to receive proper notification of the issues." (Doc. 21). Plaintiff agreed that the instant case should be remanded -- but that it should be remanded with instructions to re-award benefits based upon her 2007 and 2011 applications. (Doc. 25). The parties subsequently filed reply briefs. (Docs. 29, 32, 36). Notably, at the time of the June 6, 2012 ALJ hearing, which was only properly noticed as to the denied 2007 application, Plaintiff had been awarded benefits under her 2011 application, which she did not expect to be re-considered at the ALJ hearing, as no notice was provided for such a review. Despite the lack of notice, the ALJ reconsidered the 2011 application and determined the Plaintiff was not disabled, thus denying her benefits under the 2011 application.

On September 23, 2013, the undersigned conducted a hearing on this matter and directed the parties to file a status report regarding the status of Plaintiff's social security benefits and

whether they were able to resolve this matter. (Doc. 42).[1] In response, the parties advised that Plaintiff's benefits have been suspended since June 1, 2013, that they were unable to resolve the issues, and requested that the Court take further action. (Docs. 45, 46, 48). The parties further stated that on August 16, 2013, the Social Security Administration issued a statement to Plaintiff requesting payment of an overpayment (apparently, despite ultimately denying her 2011 application at the un-noticed hearing, the SSA continued to issue payments to Plaintiff, presumably because her 2011 application was initially approved), but that the overpayment action was suspended pending resolution of the case on review. In addition, and importantly, they advised that on October 24, 2013, the Appeals Council vacated the July 30, 2012 decision finding Plaintiff not disabled and remanded the case to the hearing office and directed the ALJ to offer Plaintiff a supplemental hearing, obtain additional evidence, and issue a new decision.

In light of the parties' report, it appears now that the Plaintiff will receive a properly noticed hearing as to her applications. However, the SSA neglected to say what was being done about the critical fact that prior to the un-noticed hearing, Plaintiff had been awarded benefits under the 2011 application. To put the Plaintiff back to where she was before the ALJ Hearing, and especially since the decision finding her not disabled was vacated, Plaintiff should be receiving benefits under her initially approved 2011 application, unless and until the SSA properly finds otherwise.

## II.   DISCUSSION

As discussed above, there is no dispute that the Commissioner terminated Plaintiff's disability benefits without providing proper notice. The Appeals Counsel has vacated the July 30, 2012 decision and remanded the case to the hearing office for further proceedings. However,

---

[1] Following the hearing, the parties consented to the jurisdiction of the undersigned. (Docs. 41, 43).

the vacating of that decision does not fully correct the constitutional deprivation. The July 30, 2012 decision effectively undid the Commissioner's May 19, 2011 finding that Plaintiff was disabled as of November 9, 2011; and as a result, Plaintiff's disability benefits were terminated on June 1, 2013, she became ineligible for Medicare, and an overpayment action was initiated against her by the Commissioner.

Accordingly, the undersigned concludes that the Commissioner's Opposed Motion for Entry of Judgment with Remand should be **GRANTED** to the extent that:

1. This case is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g);

2. The Commissioner's May 19, 2011 decision finding Plaintiff disabled as of November 9, 2010 **SHALL BE REINSTATED** immediately and Plaintiff shall be compensated for back benefits owed since June 1, 2013;[2]

3. The Clerk shall enter judgment in favor of Plaintiff, close the file, and terminate all pending motions.

**DONE** and **ORDERED** in Ocala, Florida on November 6, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court is not providing any further direction as to how the Commissioner should resolve Plaintiff's claims for benefits.