# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DEBRA LYNNE DUNNELLS,**

    Plaintiff,

v.                                                                                         Case No: 5:12-cv-484-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

## ORDER

This case comes before the Court for consideration of Plaintiff's Motion (Doc. 51) for Attorney Fees pursuant to 28 U.S.C. § 2412(d), to which the Defendant has responded (Doc. 52).

Following the entry of judgment in favor of Plaintiff, Plaintiff submitted her Motion for Attorney Fees (Doc. 51). Plaintiff's motion requests a total of $11,204.75, including 12 hours of travel time from Cape Coral, Florida, at a rate of $75.00 per hour for a total of $900.00 and 1.2 hours of paralegal time at a rate of $60.00 per hour for a total of $72.00. The bulk of the fees requested by Plaintiff include $10,232.75 for attorney time, consisting of 66.70 hours of attorney time at a rate of $185.00 per hour in 2012 and $187.50 per hour in 2013.

The Commissioner does not oppose an appropriate award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), but objects to the extent the Plaintiff seeks compensation for excessive attorney time. The Commissioner specifically takes issue with Plaintiff's claim for 17.5 hours of attorney time spent preparing Responses to Defendant's Motion to Remand, which the Commissioner argues should have taken no more than 9.5 hours, as Plaintiff simply reiterated statements included in her Complaint and her responses did not raise any novel issues of law.

(Doc. 52 at 3). The Commissioner also takes issue with Plaintiff's claim for 12 hours of travel time to two hearings, and contends that Plaintiff's counsel should have appeared telephonically rather than choosing to undertake the lengthy drive roundtrip. Because the hearings lasted 40 minutes and 50 minutes, respectively, the Commissioner contends Plaintiff should be compensated for no more than two hours for appearing at these hearings.

Plaintiff attached a copy of the fee agreement (Doc. 51-1), which includes Plaintiff's assignment of EAJA fees to her counsel. In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment of any fees awarded should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir.1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). *See also Jean v. Nelson*, 863 F.2d 759, 772–73 (11th Cir.1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom, Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

Upon consideration, the Court agrees that the fees requested by Plaintiff for attorney time exceed what would be reasonably expended in the circumstances. With regard to travel, however, the Court recognizes the benefit of having counsel appear in person. In an effort to

- 3 -

balance the benefit of having counsel appear in person with the cost savings afforded by telephonic hearings (which, indeed, are often permitted in Social Security cases), the Court finds the best approach is to simply reduce Plaintiff's travel time award to 7 total hours, to include 2 hours spent in hearings plus five hours of travel time. Accordingly, Plaintiff's fees should be reduced by 8 hours from the 2013 hourly rate (a reduction of $1500.00) and by 5 hours of travel time (a reduction of $375.00), for a total overall fee award of $9,329.75.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's petition for attorney's fees (Doc. 51) is hereby GRANTED in part. For the reasons explained above, Plaintiff is awarded attorney's fees in the amount of $9,329.75. Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on December 30, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties